[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12271

Non-Argument Calendar

_____

JEFFREY LANCE HILL, SR.,
individually; Aggrieved Party and as Real Party in
Interest of El Rancho No Tengo, Inc.,

Plaintiff-Appellant,

*versus*

LEANDRA G. JOHNSON,
individually & officially,
GREGORY S. PARKER,
individually & officially,
WILLIAM F. WILLIAMS, III,
individually & officially,
JOEL F. FOREMAN,
individually and as Columbia County attorney,

2                    Opinion of the Court                    21-12271

JENNIFER B. SPRINGFIELD,
individually and officially, et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-00895-TJC-PDB

————————————

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Jeffrey Hill, proceeding pro se, appeals the district court's dismissal with prejudice of his *pro se* civil rights complaint as barred by the *Rooker-Feldman*[1] doctrine. Additionally, Hill appeals the district court's entry of an injunction prohibiting him from filing any suit in the Middle District of Florida without first

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Collectively, "[t]hose cases held that state court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Behr v. Campbell*, 8 F.4th 1206, 1209–10 (11th Cir. 2021) (quotations omitted).

obtaining leave of the court.  Because the district court did not review each of Hill's individual claims to determine whether the *Rooker-Feldman* doctrine barred each claim as required, we vacate the district court's decision and the related injunction and remand for further proceedings.

This suit is one of a series of suits that Hill has filed against three Florida judges ("the judicial defendants"), two Florida attorneys, the Suwannee River Water Management District ("the District"), Columbia County, Florida, Columbia County's receiver, and the City of Lake City, Florida, related to several prior Florida state court judgments entered against his farm.  As we summarized in a prior case,

> [I]n 2006, the District brought a lawsuit in Florida state court against Hill's Farm, El Rancho No Tengo, Inc., alleging that the farm had repaired a pipe on the property without obtaining the proper permits.  The District prevailed in that action, and over the years several civil judgments have been entered against the farm, imposing civil penalties and authorizing the District to allow water to flow onto Hill's land. . . . Hill has unsuccessfully attempted to obtain relief in matters related to those judgments in two state court cases, two bankruptcy cases, and various federal and state appeal processes.

*Hill v. Johnson*, 787 F. App'x 604, 605 (11th Cir. 2019) (unpublished).

In the underlying complaint, Hill asserted ten claims under 42 U.S.C. §§ 1982, 1983, and 1985, and the Fifth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution. The defendants moved to dismiss the case, arguing among other grounds, that Hill's claims were barred by the *Rooker-Feldman* doctrine. After summarizing the procedural history of Hill's various legal proceedings, the district court concluded that the instant "case is also barred by the *Rooker-Feldman* doctrine," and granted the defendants' motions to dismiss.[2]

However, the district court did not have the benefit of our decision in *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021), which issued three months after the district court's ruling in this case. *Behr* clarified the proper application of the *Rooker-Feldman* doctrine, including that the doctrine requires a claim-by-claim approach to determine "whether resolution of each individual claim requires review and rejection of a state court judgment." *Id.* at 1213. The district court did not conduct such a targeted approach when holding that Hill's case was barred under *Rooker-Feldman*. Therefore, we vacate the dismissal and remand the case to the district court. On remand, the district court may opt to conduct the *Behr* analysis to determine if the *Rooker-Feldman*

---

[2] Additionally, the district court found that Hill had "failed to comply with multiple directives from the Court to stop re-litigating previously decided claims," and it enjoined Hill from filing any lawsuit in the Middle District of Florida without first obtaining leave of the court.

21-12271                Opinion of the Court                    5

doctrine bars each of Hill's claims.[3]  Alternatively, the district court may consider the other defenses asserted in the defendants' motions to dismiss, including res judicata, collateral estoppel, and immunity grounds.

Furthermore, because one of the factors the district court considered in issuing the pre-filing injunction was that the defendants "succeed[ed] on the merits," we vacate the injunction. The district court may in its discretion determine on remand whether a pre-filing injunction is warranted.

**VACATED AND REMANDED.**

---

[3] We express no opinion on whether the *Rooker-Feldman* doctrine bars any of Hill's claims.